IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, </br></br> Plaintiff, </br></br> v. </br></br> CANCER TREATMENT & RESEARCH FOUNDATION AND DOES 1-10, </br></br> Defendant. | Case No. 10 cv 5437 |

**PLAINTIFF AMERICAN GENERAL LIFE INSURANCE COMPANY'S ORIGINAL COMPLAINT**

NOW COMES, American General Life Insurance Company ("American General"), by and through its attorneys, files this Original Complaint against Cancer Treatment & Research Foundation ("CTRF" or "Defendant") and unknown Does 1-10, as follows:

**NATURE OF CASE**

1. This is a declaratory judgment action brought against Cancer Treatment & Research Foundation and Does 1-10 seeking a declaration that there are no claims payable under the policy of life insurance bearing the number YM00563663, and that same is null, void and rescinded *ab initio* due to a lack of insurable interest and due to the fact that there was no meeting of the minds at the time of policy issuance as a result of the fraudulent, willfully false and/or material misrepresentations and omissions made in connection with the life insurance application process. This action, seeking rescission of the above described life insurance policy, is brought pursuant to the Federal Declaratory Judgment Statute, 28 U.S.C. § 2201.

## PARTIES

2. Plaintiff American General Life Insurance Company ("American General") is a Texas insurance company authorized to transact the business of insurance in Illinois and Missouri. American General is organized under the laws of Texas, and its principal place of business is located in Houston, Texas. American General is a citizen of Texas within the meaning and intent of 28 U.S.C. § 1332.

3. Defendant Cancer Treatment & Research Foundation ("CTRF") is a corporation organized under the laws of Delaware, and its principal place of business is located in Chicago, Illinois. CTRF is a citizen of Illinois within the meaning and intent of 28 U.S.C. § 1332.

4. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1-10, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names, and when the true names and capacities of said Defendants are ascertained, Plaintiff will seek leave from the Court to amend this Complaint accordingly. Plaintiff is informed and believes and therefore alleges that each of the Defendants designated herein as a Doe is responsible in some manner for the events herein referenced, and caused damages to Plaintiffs proximately thereby as herein alleged.

## JURISDICTION AND VENUE

5. This court has jurisdiction over all parties of this lawsuit under 28 U.S.C. § 1332(a)(1) because American General and CTRF are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest and costs.

6. American General is a corporation organized under the laws of Texas and has its principal place of business in Texas. As such, for diversity purposes, American General is a citizen of the state of Texas.

7.     CTRF is a corporation organized under the laws of Delaware and has its principal place of business in Illinois. As such, for diversity purposes, CTRF is a citizen of the state of Illinois.

8.     As American General and CTRF are citizens of different states, a diversity of citizenship exists.

9.     CTRF is subject to the personal jurisdiction of this Court, as CTRF is directed by Roy Almeida, who resides and/or can be served at 2421 W. Pratt Blvd., Apt. 317, Chicago, Illinois. Upon information and belief, Almeida is CTRF's sole director and is a citizen of Illinois.

10.    This Court has jurisdiction over this declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party making such declaration, whether or not further relief is or could be sought."

11.    Venue is proper for this action pursuant to 28 U.S.C. §1391, since CTRF is headquartered in Cook County, and CTRF's sole director is located in Cook County.

## FACTUAL BACKGROUND

12.    American General is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance in the states of Missouri and Illinois.

13.    On or about May 25, 2007, an individual purporting to be Henrique Freitas ("Freitas") applied in writing (the "Application") to American General seeking the issuance of an insurance policy insuring the life of Freitas. Upon information and belief, the individual

purporting to be Freitas was, in fact, an imposter passing himself off as Freitas in order to obtain the life insurance benefits described herein.

14. In completing the Application, the individual purporting to be Freitas provided American General with material information regarding, among other things, Freitas' name, address, employment history, net worth, income, medical history and existing and/or contemplated insurance coverage. In completing the Application, the applicant knew that he was required to provide complete, accurate and honest answers to the questions presented on the Application. The applicant also knew that American General would rely upon the answers recorded on the Application in determining whether Freitas was insurable and qualified for the insurance sought through the Application.

15. In completing the Application, the individual purporting to be Freitas responded to clear, direct questions seeking material information regarding Freitas' health and financial condition. In answering requests for information in the Application, the applicant provided specific representations regarding his current and past employment, as well as his net worth and income. For example, the applicant represented that Freitas was employed for the previous seven years as a "soccer game strategist" at "European Soccer Federation" located at "350 7th Ave., St. Louis, Missouri 63140," where his duties included "soccer game planing [sic]." Additionally, the applicant represented that Freitas' "personal earned income" and "household income" were both $360,000, and that his net worth was $2,983,000. As discussed more fully in the ensuing paragraphs, these representations were false and were each material to American General's acceptance of the risk assumed.

16. In completing the Application, the individual purporting to be Freitas responded to clear, direct questions seeking material information regarding Freitas' existing life insurance

coverage, as well as the existence of applications for other insurance policies not yet issued. The applicant disclosed the existence of an insurance policy issued in 2007 by Transamerica Occidental Life. No other life insurance policies or applications were disclosed. As discussed more fully in the ensuing paragraphs, these representations were false.

17. In connection with the application process, the person purporting to be Freitas responded to clear, direct questions seeking material information regarding Freitas' medical history. In answering requests for information in the Application, the applicant provided specific representations regarding his physician, family history, personal health history and medical condition. In addition, the individual purporting to be Freitas submitted to a paramedical examination, the results of which were submitted to American General in connection with the Application. As discussed more fully in the ensuing paragraphs, these representations were false.

18. The person purporting to be Freitas executed the Application on May 25, 2007 in St. Louis, Missouri. By executing the Application, the applicant agreed to the affirmation contained therein (directly above the signature line) that provided:

> **I, the Primary Proposed Insured and Owner signing below, agree that I have read the statements contained in this application and any attachments or they have been read to me. They are true and complete to the best of my knowledge and belief. I understand that this application: (1) will consist of Part A, Part B, and if applicable, related attachments including supplement(s) and addendum(s); and (2) shall be the basis for any policy and any rider(s) issued. I understand that any misrepresentation contained in this application and relied on by the Company may be used to reduce or deny a claim or void the policy if: (1) such misrepresentation materially affects the acceptance of the risk; and (2) the policy is within its contestable period.**

19. On the basis of the statements and representations in the Application and in reliance upon, among other things, the applicant's representations that he was, indeed, Freitas

and that Daniela Liotte was his fiancé, American General issued life insurance policy number YM00563663 insuring the life of Freitas (the "Policy"), with an effective date of June 27, 2007. The Policy's death benefit is $1,500,000.

20. The person purporting to be Freitas misrepresented material information concerning Freitas' residence, employment, net worth and income on the Application. Upon information and belief, contrary to the representations contained in the Application, Freitas did not reside at the address placed in the Application, which was, instead, offices. Further, Freitas could not have been employed as was disclosed, because no such employer actually exists. American General asserts that the statements made during the application process with respect to Freitas' residence and employment were each materially incorrect and/or fraudulent. Such statements were either known or should have been known by the person purporting to be Freitas to be false.

21. The person purporting to be Freitas misrepresented material information concerning Freitas' existing life insurance coverage, as well as the existence of applications for other insurance policies not yet issued. Upon information and belief, contrary to the representations contained in the Application, Freitas either held or had applied for several life insurance policies that were not disclosed in the Application, the total face value of which potentially exceeds $20,000,000. American General asserts that the statements made during the application process with respect to Freitas' existing or pending life insurance coverage were each materially incorrect and/or fraudulent. Such statements or omissions were either known or should have been known by the person purporting to be Freitas to be false.

22. The person purporting to be Freitas also misrepresented and omitted material information concerning Freitas' medical history on the Application. Upon information and

belief, the person purporting to be Freitas was an imposter passing himself off as Freitas during the paramedical examination in order to obtain the life insurance benefits described herein. It is contrary to public policy for any person to obtain life insurance by substituting an individual other than the named insured for medical examination, and a policy secured by such substitution is void. Further, the Policy does not constitute a valid contract between American General and Freitas because there was never a meeting of the minds concerning, *inter alia*, the risk assumed by American General in issuing the Policy.

23. If Freitas does actually exist but did not apply for the policy, that is, an imposter applied as Freitas, then it cannot be shown that the person procuring coverage on Freitas held the requisite insurable interest in Freitas's life. A policy issued in either Missouri or Illinois without a valid insurable interest is void *ab initio*.

24. On or about February 28, 2008, the person purporting to be Freitas submitted a "Change of Beneficiary" form to American General, indicating that the new sole beneficiary of the Policy was CTRF. American General promptly changed the beneficiary designation for the Policy accordingly.

25. On or about April 6, 2010, Roy Almeida, acting on behalf of CTRF, submitted a "Proof of Death Claimant's Statement" to American General. CTRF claimed that Freitas had died from hypothermia in New Jersey on January 4, 2010 in New Jersey. Further, CTRF claimed it was entitled to the Policy's $1.5 million death benefit.

26. On information and belief, the individual described in CTRF's Proof of Death Claimant's Statement is not Freitas. The person described in the Claimant's Statement is, in fact, unidentified. In other words, American General has not received proof that Freitas is dead. If Freitas is not dead, the Policy's death benefit is not owed.

27. Given the foregoing, American General brings this action seeking rescission of the Policy and/or an order declaring that no claims are payable under the Policy, and that the Policy is void *ab initio*.

## COUNT I
## DECLARATORY JUDGMENT: FAILURE OF CONDITION PRECEDENT

28. American General incorporates herein each of its allegations contained in paragraphs 1–27 above.

29. Pursuant to the Federal Declaratory Judgment Statute, 28 U.S.C. § 2201, American General seeks a declaratory judgment that no claims are payable to CTRF under the Policy because Freitas is not deceased. The insured's death while the Policy is in force is a condition precedent to the payment of death benefits.

30. American General also seeks its fees pursuant to the Declaratory Judgment Statute.

## COUNT II
## DECLARATORY JUDGMENT: LACK OF INSURABLE INTEREST

31. American General incorporates herein each of its allegations contained in paragraphs 1–27 above.

32. Pursuant to the Federal Declaratory Judgment Statute, 28 U.S.C. § 2201, American General seeks a declaratory judgment that the Policy is null, void and rescinded *ab initio* due to the lack of a valid insurable interest in the life of the insured at the time of issuance.

33. American General hereby fully and unconditionally tenders the Policy's premiums to the Court's registry. Once the funds are deposited in the Court's registry, American General seeks recovery of its attorneys' fee pursuant to the Declaratory Judgment Statute.

## COUNT III
## DECLARATORY JUDGMENT: NO MEETING OF THE MINDS

34. American General incorporates herein each of its allegations contained in paragraphs 1–27 above.

35. Alternatively, pursuant to the Federal Declaratory Judgment Statute, 28 U.S.C. § 2201, American General seeks a declaratory judgment that the Policy is null, void and rescinded *ab initio* because an imposter posed as Freitas during the application process, causing American General to believe it was issuing a policy of life insurance on the life of the imposter, not Freitas. Because no meeting of the minds existed at the time of formation, the contract is nullified and never existed.

36. American General hereby fully and unconditionally tenders the Policy's premiums to the Court's registry. Once the funds are deposited in the Court's registry, American General seeks recovery of its attorneys' fee pursuant to the Declaratory Judgment Statute.

## PRAYER FOR RELIEF

WHEREFORE, due to the above-referenced fraudulent, willfully false and/or material misrepresentations, American General Life Insurance Company demands judgment against Cancer Treatment & Research Foundation and Does 1-10 as follows:

(a) an order declaring that no death benefit is owed under the Policy;

(b) an order declaring and adjudging the Policy of life insurance bearing policy Number YM00563663 to be null and void and rescinded, *ab initio*;

(c) an order directing American General deposit with the Clerk of the Court all premiums paid on the Policy along with required interest, if any;

(d) an order awarding costs of suit and reasonable attorneys' fees pursuant to the Federal Declaratory Judgment Statute; and

9

    (e)    an order awarding such other relief as the Court deems equitable and just to American General.

Dated: August 27, 2010        Respectfully Submitted,

**AMERICAN GENERAL LIFE INSURANCE COMPANY**

By:   s/ Catherine A. T. Nelson
       One of the Attorneys for Plaintiff

Catherine A. T. Nelson (ARDC# 6192953)
COZEN O'CONNOR
333 West Wacker Drive
Suite 1900
Chicago, IL 60606
(312)-382-3100
cnelson@cozen.com

Of Counsel:

Jason A. Richardson
Illinois Bar No. 6293637
jason.richardson@emhllp.com
EDISON, MCDOWELL & HETHERINGTON LLP
Phoenix Tower
3200 Southwest Freeway, Suite 2920
Houston, Texas 77027
Telephone: (713) 337-5580
Facsimile: (713) 337-8850