IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE CO. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 10 C 5437 |
| v. | ) |
| | ) The Honorable William J. Hibbler |
| CANCER TREATMENT & RESEARCH | ) |
| FOUNDATION AND DOES 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

American General Life Insurance Company brought a three-count declaratory judgment claim against Cancer Treatment & Research Foundation (CTRF) essentially alleging that the insurance contract under which CTRF is a beneficiary was procured fraudulently and should be void *ab initio*. CTRF filed a counterclaim raising numerous claims arising from American General's failure to pay CTRF's insurance claim. American General moves for summary judgment on CTRF's counterclaims.

### I. Factual Background

In response to American General's motion for summary judgment, CTRF has failed to comply with the most basic of the local rules. Local Rule 56.1 requires a party opposing a motion for summary judgment to file: (1) affidavits or materials referenced in Federal R. Civ. P. 56(e); (2) a supporting memorandum of law; (3) a concise response with numbered paragraphs corresponding to the opposing parties statement of facts and admitting or denying those statements, with references

1

to the affidavits or materials that form the basis for any denial; (4) a statement of numbered paragraphs of additional facts that require the denial of the motion. CTRF submits nothing in response to American General's motion other than a supporting memorandum of law with six exhibits attached, which are authenticated only by a statement in the memorandum that the documents have been exchanged between the parties. At least four of the six exhibits, even if they were properly authenticated, are simply not relevant to any material question.

When a party fails to respond to a statement of fact as mandated by the local rules, the party's failure results in an admission. *Chelios v. Heavener*, 520 F.3d 678, 687 (7th Cir. 2008). CTRF not only failed to use the proper form to respond to American General's statement of facts, it failed entirely to respond to those facts. The Court therefore deems American General's statement of facts to have been admitted.

In June 2007, American General issued a life insurance policy with a death benefit of $1,500,000 to Henrique Freitas. The application reflects that Freitas was a resident of Missouri and the policy was signed in Missouri. Originally, the policy designated Daniela Liotte as the beneficiary.

Approximately 8 months later, American General received a change of beneficiary form designating CTRF as the beneficiary. CTRF had been incorporated a month earlier by Roy Almeida, its sole director. While someone purporting to be Freitas made premium payments by credit card and check in 2007 and 2008, Almeida paid the premium on the policy in 2009.

In April 2010, Almeida, acting on behalf of CTRF, submitted a "Proof of Death Claimant's Statement" to American General that claimed that Freitas had died of hypothermia in New Jersey in January 2010. In support, Almeida provided a death certificate dated March 29, 2010.

American General investigated the death certificate and believed it to be fraudulently obtained. American General learned that an Assistant Medical Examiner had conducted an autopsy of an unidentified Hispanic male in January 2010 and concluded the decedent had died of hypothermia. A month later, the medical examiner received a letter purporting to be from the Counsel General of Guatemala. That letter claimed that Freitas's wife, Maya, had identified his body using pictures from an online national database of missing and unidentified persons. On the basis of the letter, the examiner changed the death certificate to reflect that the unidentified Hispanic male who died of hypothermia in January 2010 was Freitas.

American General, however, contacted the Counsel General of Guatemala. The office stated that the letters were not written on its official letterhead, that the Guatemalan Counsel General employed no one with the name of the notary who signed the letters, and that it had no record of Maya Freitas contacting them to help locate her missing husband. American General submitted this information to the medical examiner, who promptly changed the death certificate to reflect that the Hispanic male who died of hypothermia in January 2010 was unidentified. CTRF supplied no death certificate for Freitas other than the certificate that has since been amended to make the decedent unidentified.

American General continued to investigate and located a bank account for Freitas that has been active since January 2010.

## II. Standard of Review

Courts must grant a motion for summary judgment when "there is no genuine issue as to any matter fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To

defeat a motion for summary judgment, the nonmoving party must establish that there is a genuine dispute over material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A "material" fact is any fact that may affect the final adjudication of the case under existing law and if it creates an inference that would cause a reasonable jury to find in favor of the nonmoving party. *Id.*

The court, however, must evaluate all admissible evidence in a light most favorable to the nonmoving party. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir.2003). Nevertheless, to survive summary judgment, the party must present more than speculation and conjecture. *Id.* In other words, the nonmoving party cannot rely on the pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

### III. Analysis

The undisputed evidence is clear and there is little to discuss. CTRF's principal claim is that American General breached the contract between it and Freitas. Under Illinois law, a breach of contract claim requires that a plaintiff show: (1) a valid and enforceable contract; (2) performance by the plaintiff of all required conditions; (3) breach by the defendant; and (4) damages. *Asset Exchange II, LLC v. First Choice Bank*, 953 N.E.2d 446, 454-55 (Ill. App. Ct. 2011). Among other things, the life insurance policy required the plaintiff to provide proof of the insured's death as a condition precedent to American General's performance. CTRF has not provided evidence that this condition has been met.

CTRF argues that "there is absolutely an issue regarding the death of Henrique Freitas," and in support points to the March 2010 death certificate. Of course, it is undisputed that the medical examiner amended this death certificate after receiving information that the purported identification

4

of Freitas by his wife was fraudulent. The male who died on January 4, 2010 of hypothermia is now recognized by the State of New Jersey to be an unidentified Hispanic male. CTRF's arguments to the contrary are patently frivolous. CTRF is not entitled to payment under the policy because Freitas is not dead.

The remainder of CTRF's claims are derivative of its breach of contract claim or otherwise require him to prove Freitas's death. It has not. The Court GRANTS American General's Motion for Partial Summary Judgment. CTRF's Counterclaims are dismissed with prejudice.

IT IS SO ORDERED.

12/7/11
Dated

Hon. William J. Hibbler
U.S. District Court